ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 0 4 2012

JAMES N. HATTEN, Clerk

By: _____
Deputy Clerk

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **ORLANDO VARGAS** | ) | |
| **Plaintiff** | ) | |
| | ) | **Civil Action No.** |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **CASA LATINA, INC.,** | ) | |
| **CELSO ALBERTO TORRES and** | ) | **1:12-CV-1568** |
| **MARIA P. TORRES** | ) | |
| **Defendant** | ) | |

**-JOF**

COMES NOW Orlando Vargas, by counsel, and on behalf of the class of similarly situated individuals, and file this Class Action Complaint against Defendants, Casa Latina, Inc., Celso Alberto Torres and Maria P. Torres and hereby states as follows:

<u>**PARTIES**</u>

1.

The Plaintiff, Orlando Vargas, is a resident of Gwinnett County, GA, and whose address for purposes of this lawsuit is the address of his attorney.

2.

Defendant, Casa Latina, Inc., ("Casa Latina"), is registered as a Georgia Corporation whose principal place of business is 3750 Venture Dr., Suite C-9, Duluth, GA 30096.

3.

Defendant Celso Alberto Torres ("C. Torres") is an individual resident of Georgia who may be served at 3750 Venture Dr., Suite C-9, Duluth, GA 30096.

4.

Defendant Maria P. Torres ("M. Torres") is an individual resident of Georgia who may be served at 3750 Venture Dr., Suite C-9, Duluth, GA 30096.

## JURISDICTION AND VENUE

5.

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. Section 1331, because this case arises from statutes of the United States.

6.

Venue in this District is proper pursuant to 28 U.S.C. Sec. 1391.

## ONE COMPLAINT

7.

All Counts in this Complaint incorporate, and by reference include as though fully restated, the paragraphs found in all other Counts and portions of this Complaint.

## FACTS

8.

Casa Latina offers financial and personal services to Spanish speaking populations, including the preparation of Federal and state tax returns and the preparation of Individual Taxpayer Identification Numbers (ITIN).

9.

It is unknown how many tax returns Carlos Torres, Maria Torres, and/or Casa Latina prepares each year or for how many clients, but it is believed that Casa Latina has prepared tax returns for hundreds of people and thousands of tax returns.

10.

Under current law, taxpayers are eligible to claim the Child Tax Credit and Additional Child Tax Credit for each qualifying child that lived with the taxpayer in the United States for more than six months. 26 U.S.C. § 24.

11.

The Additional Child Tax Credit is the refundable portion of the Child Tax Credit.

12.

A "refundable tax credit" is a type of tax credit that can result in a refund to a claimant even though the claimant owes no tax, and in some cases wherein the taxpayer has not paid any withholding or estimated taxes.

13.

The maximum amount of combined CTC/ACTC is as follows from years 2000 to 2012:

a. Year 2000 - $500;

b. 2001-2002 - $600;

c. 2003-2012 - $1,000.

14.

The Internal Revenue Service ("IRS") and the Treasury Inspector General for Tax Administration ("TIGTA") have published studies, statements, and reports attesting to the high rate of fraud and non-compliance for claims to refundable claims, including the Child Tax ("CTC") and Additional Child Tax Credits ("ACTC").

15.

Carlos Torres, Maria Torres and Casa Latina holds itself out as tax preparers who have knowledge about the tax code, and are paid for its expertise in tax preparation and general knowledge of the tax code.

16.

Defendants Carlos Torres and Maria Torres and its agents made, through their enterprise known as Casa Latina, claims to the CTC and/or ACTC for their clients when they knew or should have known such taxpayers were not entitled to the CTC and/or ACTC because the claimed children did not live with the taxpayer.

17.

Many of the customers of the Defendants do not speak English well because English is their second language.

18.

Many of the customers of the Defendants have no knowledge or experience with filing taxes, and they lack the experience and knowledge to understand that the children were falsely and fraudulently claimed to have resided in the United States with the taxpayer.

19.

Customers of the Defendants were completely dependent upon the Defendants for tax filing information, they benefited monetarily from such dependence, and, in fact, promoted their tax knowledge to induce clients to pay them for their tax services.

20.

The Defendants control the consumer's tax returns and have the final authority to terminate the transmission and submission of returns to the IRS and state tax collection agency if certain identifiers about the return suggest that the return may be erroneous or fraudulent.

21.

The Defendants facilitate payment of tax refunds to its clients and of their fees by offering financial products from a third party bank, which many include tax refund loans.

## CLASS ACTION REPRESENTATIVES

22.

Plaintiff had no tax knowledge or training when he engaged the Defendants to prepare his tax returns. Plaintiff relied upon the Defendants' advertisements, representations of tax expertise and their express and implied warranties when deciding to engage Casa Latina to prepare his returns.

23.

Casa Latina prepared Plaintiff's 2004-2006 and 2008-2010 improperly claimed children for the Child Tax and Additional Child Tax Credit, with knowledge that the children did not live in the United States or with the Plaintiff, all contrary to law.

24.

In order to claim the Child Tax Credit and Additional Child Tax Credit the tax preparer must input data into the software that shows that the children claimed for such credit lived with the taxpayer in the United States for the requisite time period.

25.

Casa Latina knew or should have known that the claims to the Child Tax Credit and Additional Child Tax Credit to the dependents stated on the Plaintiff's tax return were improper and contrary to the law.

26.

Plaintiff incurred the obligation to repay the amount of money represented by the CTC and ACTC, plus interest and penalties and has incurred the risk of prosecution and deportation from the United States as a result of said non-compliant and/or fraudulent tax returns prepared and transmitted over the internet to the IRS by the Defendants.

27.

Because Plaintiff had no tax training, did not know it was improper for him to file a return claiming a child that did not live with him, and Casa Latina did not inform him in determining that such child should not be listed, Plaintiff was unaware that said tax returns were filed incorrectly at the time of filing or subsequent thereto.

## CLASS ACTION ALLEGATIONS

28.

Plaintiff sues on behalf of themselves and seek to represent a class composed of similarly situated clients of the Defendants who received the CTC and/or ACTC because children were listed as if they lived with the taxpayer for the requisite time period to be claimed for such credit even though said child did not live with the taxpayers or even in the United States.

29.

The primary class members will be readily identifiable through documents that are contained in the files of the Defendants, the tax software, reports that can be generated by the software used by Defendants, and through bank reports that show the basis of refunds claimed by the clients of the Defendants.

30.

The class would include all clients of the Defendants whose returns show a claim to the CTC and/or ACTC between years 2004 to 2010, as those are the years that the Defendants completed Plaintiffs returns.

31.

Upon information and belief, there are hundreds and possibly thousands of individuals who have been damaged by the Defendants' conduct, costing the Federal and state government millions is unwarranted refunds, such that the members of the class are so numerous as to render joinder impracticable.

32.

Additionally, upon information and belief, joinder is impracticable because many members of the class are low-income persons for whom English is a second language, with limited access to resources and counsel, who would have difficulty in pursuing their rights individually.

33.

The questions of law and fact common to the class include that the class members have common rights not to be subject to past and future damages from defective tax filings which could be deemed fraudulent, which filings were made through no fault of their own since they did not have the requisite knowledge to understand the error of their filing and they were not provided information by Defendants to alert them of any errors.

34.

The named Plaintiff, Orlando Vargas, is an adequate representative of the class because the violations of law alleged by the named Plaintiff stems from the same course of conduct by Defendants, to include, but not necessary limited to, breach of fiduciary duty, fraudulent inducement, tax fraud including the understatement of income and false claims to credit, mail fraud, bank fraud, interest and penalties levied by the IRS and/or the potential for interest and penalties to be levied by the IRS, professional fees incurred to rectify said problems, the potential for criminal prosecution and deportation, all for the purpose of generating fees from tax preparation and related financial products and services benefiting Casa Latina, C. Torres and M. Torres.

35.

Defendant Casa Latina continues to violate the rights of the members of the class, and the legal theory under which the named Plaintiff seeks relief is the same or similar to that on which the class will rely.

36.

The harm suffered by the named Plaintiff is typical of the harm suffered by the class members.

37.

The named Plaintiff, Orlando Vargas, has the requisite personal interest in the outcome of this action and will fairly and adequately protect the interests of the class.

38.

The Plaintiffs are represented by attorneys experienced in same or similar matters who have the resources, expertise and experience to prosecute this action and counsel for the Plaintiffs know of no conflicts among members of the class or between Plaintiff's counsel and members of the class.

39.

A class action is superior to other available methods for the fair and efficient adjudication of this controversy because: (a) the prosecution of hundreds or thousands of separate actions would be inefficient and wasteful of legal resources; (b) the members of the class may be scattered throughout Georgia and the U.S. and are not likely to be able to vindicate and enforce their constitutional and statutory rights unless this action is maintained as a class action; (c) the issues raised can be more fairly and efficiently resolved in the context of a single class action than

piecemeal in many separate actions; (d) the resolution of litigation in a single forum will avoid the danger and resultant confusion of possible inconsistent determinations; (e) the prosecution of separate actions would create the risk of inconsistent or varying adjudications with respect to individuals pursuing claims against Defendant which would establish incompatible standards of conduct for Defendant; (f) Defendant has acted and will act on grounds applicable to all class members, making final declaratory and injunctive relief on behalf of all members necessary and appropriate; and (g) questions of law and/or fact common to members of the class especially on issues of liability predominate over any question, such as that of individual damages, that affect individual members.

40.

The plaintiff class seeks a declaration that Casa Latina terminate its practice of facilitating the claiming of a child who does not live with the filer in order to claim the CTC and/or ACTC.

## COUNT I.
## RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT ("RICO") VIOLATIONS – STATE AND FEDERAL

### Part I:  Defendants Have Engaged in a Pattern of Racketeering Activity

41.

Defendants are engaged in an ongoing pattern of racketeering activity as defined by 18 U.S.C. §1961(5).

42.

The federal RICO pattern of racketeering activity engaged in by Defendants consists of more than two acts of racketeering activity, the most recent of which occurred within ten years after the commission of a prior act of racketeering activity.

43.

The Defendants are engaged in an ongoing pattern of racketeering activity as defined by O.C.G.A. § 16-14-3(8).

44.

The Georgia RICO pattern of racketeering activity engaged in by Defendants consists of more than two acts of racketeering activity, specifically the preparation of false tax returns in violation of 26 U.S.C. § 7206(2), bank fraud 18 U.S.C. § 1344, and mail and wire fraud in violation of 18 U.S.C. §§ 1341, 1343, the most recent of which occurred within four years after the commission of a prior act of racketeering activity.

45.

For purposes of federal RICO, the racketeering activity includes an open and ongoing pattern of violations of 26 U.S.C. § 7206(2), 18 U.S.C. § 1344 and 18 U.S.C. §§ 1341, 1343.

46.

Specifically, for purposes of federal RICO, the racketeering activity includes an open and ongoing pattern of violations of 26 U.S.C. § 7206(2), which makes it a federal crime to willfully aid and/or assist in, or procure, counsel, or advise the preparation or presentation under, or in connection with any matter arising under the Internal Revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, regardless of whether

such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document. Defendants have violated 26 U.S.C. § 7206(2) by knowingly and repetitively aiding and/or assisting in, or procuring, counseling, and advising in the preparation or presentation under, or in connection with any matter arising under the Internal Revenue laws, multiple returns, affidavits, claims and other documents with false and/or fraudulent statements as to substantial and material matters.

47.

Use of the wires and financial institutions were a necessary and ordinary part of their scheme to defraud because the tax return information was transmitted to the financial institutions through the internet and the preparer fees and client refunds were distributed by the banks after the issuance of refunds by the Internal Revenue Service and state revenue authorities.

48.

Specifically, for purposes of federal RICO, the racketeering activity includes an open and ongoing conspiracy by C. Torres and M. Torres and their employees or agents to defraud the United States in violations of 18 U.S.C. § 371.

49.

Defendants have violated 18 U.S.C. § 371 by knowing and repetitively conspiring with individuals, both known and unknown, to commit offenses against the United States and the agencies thereof, whereupon each of the Defendants has acted and continues to act in furtherance of their practice of fraudulent preparation of tax returns as detailed in this Complaint.

50.

Specifically, for purposes of Georgia RICO, the racketeering activity includes an open and ongoing pattern of fraud as defined by O.C.G.A. § 23-2-51(b), which provides that fraud may be actual or constructive: "Actual fraud consists of any kind of artifice by which another is deceived" and "Constructive fraud consists of any act of omission or commission, contrary to legal or equitable duty, trust, or confidence justly reposed, which is contrary to good conscience and operates to the injury of another . . . Actual fraud implies moral guilt; constructive fraud may be consistent with innocence."

**Part II.: The Acts of Racketeering Activity Committed by Defendants are Related**

51.

The acts of racketeering activity committed by the Defendants have the same or similar methods of comission in that they involve the knowing and purposeful filing by Defendants, on behalf of their clients, of tax returns containing false information regarding children who purported lived with the clients of the Defendants.

52.

The acts of racketeering activity committed by Defendants have the same or similar objective, which was to earn CTC and/or ACTC for non-qualifying clients and to charge a fee for said "service."

53.

The acts of racketeering activity committed by Defendants have the same or similar victims, including the named Plaintiff, the Plaintiff class, the United States, and the agencies of the United States, the State of Georgia and the agencies of the State of Georgia.

**Part III: The Acts of Racketeering Activity Committed by Defendants Involve a Distinct Threat of Long-Term Racketeering Activity.**

54.

Defendants' acts of racketeering activity involve a distinct threat of long-term racketeering activity.

55.

Defendants hold themselves out to the community as a tax preparation service possessing the skills and knowledge to assist clients in the avoidance of taxpayer liability and to claim refunds.

56.

Defendants knowing filing of tax returns seeking the CTC and/or ACTC when, in fact, such clients do not qualify for the CTC and/or the ACTC, which is the Defendants' regular way of conducting business.

57.

The Defendants' have been committing the fraud upon the Plaintiff since 2004 and will likely continue to perpetuate said fraud until they are enjoined from doing so.

**Part IV: Defendants' Enterprise**

58.

At all times relevant to the incidents of this Complaint, there existed with the Northern District of Georgia, and elsewhere, an organization that constituted an enterprise, as defined by 18 U.S.C. § 1961(4), to wit: a group of individuals associated in fact, in that they operate under the business know as Casa Latina, which engages and engaged in, and the activities of which affected, interstate and foreign commerce.

59.

The indivdiuals involved in the enterprise are C. Torres, M. Torres and their employees.

60.

The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise; namely, evasion of income tax liabilities and false claims to Federal and state refunds.

### Part V: Violation of 18 U.S.C. §1962(c)

61.

The foregoing conduct constitutes a violation of 18 U.S.C. § 1962(c) in that Defendants C. Torres, M. Torres and their employees participated and directed an ongoing pattern of tax, mail and bank fraud, through their enterprise of Casa Latina, to the detriment of their clients, the United States and states of the United States.

62.

Plaintiff has been directly injured by reason of Defendants' violations of 18 U.S.C. § 1962 (c).

63.

Pursuant to 18 U.S.C. § 1964(c), Plaintiff is entitled to recover threefold the damages she has sustained along with her costs of suit, including reasonable attorney's fees.

### Part VI:  Violation of O.C.G.A. §16-14-4(a)

64.

Defendants' endeavored to violate O.C.G.A. § 16-14-4(a), in violation of O.C.G.A. § 16-14-4(c).

65.

Defendants have also conspired with other associates and entities, known and unknown, to violate O.C.G.A. § 16-14-4(a), in violation of O.C.G.A. § 16-14-4(c).

66.

Defendants have committed overt acts, which are also acts of racketeering activity, in furtherance of the conspiracy, as detailed in this Complaint.

67.

Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression and an entire want of care that would raise the presumption of conscious indifferent to consequences, and specific intent to cause harm, entitling Plaintiff to receive punitive damages sufficient to deter, penalize or punish Defendants.

68.

Defendants' violation of federal and Georgia RICO are intended to and do in fact evade income tax liability and .

## COUNT II
## FRAUD

69.

The Defendant knew or should have known of the risk that taxpayers, who have little or no knowledge about the income tax code, would not understand the nuances of the attempting to claim the CTC and/or ACTC.

70.

The Defendant recklessly and intentionally filed tax returns that wrongfully claimed the CTC and ACTC.

71.

Defendant engaged in such activity for the specific purpose of representing to potential clients that they would receive money back from the IRS if Defendant prepared their returns, thus directly benefiting Defendant.

72.

The individually named Plaintiff and this putative class have been injured in that they filed incorrect tax returns with the Department of Treasury, which can or have subjected them to an audit, criminal sanctions, repayment of refund, penalties and interest, as well as incurring professional fees to correct the problems caused by the Defendant.

**COUNT IV**
**BREACH OF FIDUCIARY DUTY**

73.

Defendants owed their taxpayers a fiduciary duty to act in the taxpayers' best interests in preparing taxpayers' tax returns and in using financial products to finance their preparer fees and in some cases loans based upon the amount of the purported tax refund.. Defendant breached this duty to their taxpayers by knowingly facilitating and or allowing the filing of false returns that qualified their taxpayers for CTC and/or ACTC based on the false returns.

74.

All of Defendants actions resulted in profit to Defendant at the expense of their clients to whom they owed a duty, all of whom were filing false returns which might subject said clients to repay said refunds, penalties, interest, and potential criminal prosecution and deportation, as well as potential problems in their taxpayers' immigration status for their non-citizen taxpayers.

75.

Defendant's breach of their fiduciary duties proximately caused damages to their clients comprising this putative class, and said damages that are in excess of the jurisdictional amount of this Court.

## COUNT VI
## PUNITIVE DAMAGES

76.

Defendant failed to use even slight care in inducing Plaintiffs to claim the CTC and/or ACTC through the filing of non-compliant tax returns.

77.

Defendants breached their duties, including their fiduciary duties, and committed gross negligence by not using even slight care in protecting their clients, including the Plaintiff, from injury. In committing these actions, Defendants acted in wanton or reckless disregard for the interests of the Plaintiffs.

78.

As a result of Defendant's gross negligence, Plaintiffs suffered damages and are entitled to recover punitive damages in addition to compensatory damages.

**WHEREFORE**, Plaintiffs request as follows:

1.  Judgment be entered in their behalf against Defendant;

2.  That the named Plaintiffs, individually and on behalf of the class, be awarded such general, special and punitive damages as are proved at trial;

3.  That named Plaintiffs, individually and on behalf of the class, be awarded reasonable attorneys' fees and costs incurred in prosecuting this action;

4.  That the Defendants be enjoined from continuing to engage in the scheme that is the basis of this Complaint;

5.  That named Plaintiffs, individually and on behalf of the class, be awarded pre-judgment and post-judgment interest in the maximum amount allowed by law;

6.  That the Court award such other and further relief as it deems just and equitable under the circumstances; and

7.  Trial by jury.

Respectfully Submitted,

Samuel C. Rock, Esq.
Georgia Bar No. 762213
ROCK LAW GROUP, PLC
3355 Lenox Rd., Ste. 750
Atlanta, GA 30326
T. (859) 259-1000
F. (866) 316-3588
Email: sam@rocklawgroup.com

David G. Carter
Georgia Bar No. 141355
THE CARTER LAW GROUP, LLC
3355 Lenox Road, Suite 750
Atlanta, GA 30326
Phone: (404) 872-5959
Fax:    (404) 872-5979
Email: dcarter@clgfirm.com
ADMITTED BEFORE N.D. GA